**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION**

| | | |
|---|---|---|
| THE LINCOLN NATIONAL LIFE INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | Civil Action No. <u>5:21-cv-00042</u> |
| FAITH M. STEEN, CAROL MAUTINO, and STOVER FUNERAL HOME & CREMATORY, INC., | ) ) ) | **COMPLAINT FOR INTERPLEADER** |
| Defendants. | ) ) ) ) | |

COMES NOW Plaintiff The Lincoln National Life Insurance Company ("Lincoln"), by and through its attorneys, and for its Complaint in Interpleader states:

## PARTIES

1.     Lincoln is an insurance company existing under the laws of the state of Indiana, with its principal place of business in Radnor, Pennsylvania.

2.     Defendant Faith M. Steen ("Ms. Steen") is a citizen and resident of Woodstock, Virginia.

3.     Upon information and belief, Defendant Carol Mautino ("Ms. Mautino") is a citizen and resident of Monongahela, Pennsylvania.

4.     Defendant Stover Funeral Home & Crematory, Inc. ("Stover") is a corporation incorporated under the laws of Virginia with its principal place of business in Strasburg, Virginia.

5.     Douglas H. Steen ("Decedent") was insured under group life insurance policy at issue in this action and described below.  Ms. Steen is Decedent's daughter.  Ms. Mautino is

Decedent's former partner.[1]   Stover provided burial goods and services following Decedent's death. Ms. Steen, Ms. Mautino, and Stover are collectively referred to herein as the "Claimants."

## JURISDICTION AND VENUE

6.      This Court has federal question jurisdiction over this matter pursuant to 28 U.S.C. §1331 and 29 U.S.C. §1132(e), as the plan under which the claims for life insurance benefits arose is an employee welfare benefit plan that is governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001, *et seq.*

7.      This Court also has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1335 because this is an interpleader action in which two or more diverse claimants are claiming to be entitled to money of more than $500.00.

8.      This Court has personal jurisdiction over Ms. Steen and Stover because they both reside in Virginia and have sufficient minimum contacts with the State of Virginia where the exercise of personal jurisdiction comports with due process and does not offend traditional notions of fair play and substantial justice.

9.      This Court has personal jurisdiction over Ms. Mautino because she has made a competing claim to the proceeds of a life insurance policy that insured the life of a Virginia resident.  The claim to the proceeds, which forms the basis of this dispute, competes with claims from two Virginia residents. This demonstrates sufficient minimum contacts with the State of Virginia such that the exercise of personal jurisdiction comports with due process and does not offend traditional notions of fair play and substantial justice.

10.      Venue is proper in this district pursuant to 29 U.S.C. § 1132(e)(2), 28 U.S.C. § 1397, and 28 U.S.C. § 1391(b), because one or more of the Claimants resides in this district.

---

[1] Upon information and belief, Decedent and Ms. Mautino were never legally married.

## CLAIM FOR INTERPLEADER

11.     Lincoln brings this action for interpleader relating to group life insurance issued by Lincoln to Catapult Systems, LLC, providing coverage to Decedent (the "Lincoln Policy").  The Lincoln Policy provides total benefits in the amount of $50,000.00 (the "Policy Benefits").  A copy of the Lincoln Policy is attached as **Exhibit 1**.

12.     Decedent named Ms. Mautino (identified as "Spouse") as the sole primary beneficiary when enrolling for benefits with his employer.  Decedent named Ms. Steen as the sole contingent beneficiary.  A redacted copy of the beneficiary designation printout is attached as **Exhibit 2**.

13.     Decedent died on November 25, 2019, after which the Policy Benefits became payable.  A redacted copy of Decedent's death certificate is attached as **Exhibit 3**.

14.     On November 26, 2019, Ms. Steen submitted a claimant's statement as beneficiary of the Policy Benefits.  A redacted copy of Ms. Steen's Claimant's Statement is attached as **Exhibit 4**.

15.     On November 27, 2019, Ms. Steen executed an assignment of a portion of the Policy Benefits in favor of Stover as payment for the burial goods and services Stover provided. A copy of the Assignment to Stover is attached as **Exhibit 5.**

16.     On December 16, 2019, Lincoln informed Ms. Steen that she was not listed as the primary beneficiary, but rather the contingent beneficiary.  Ms. Steen responded that she "would like to contest the claim."  A copy of the December 16, 2019 email correspondence is attached hereto as **Exhibit 6**.

17.     On January 8, 2020, Ms. Mautino verbally told Lincoln via telephone that she would like to make a claim for the Policy Benefits.

18.     On January 14, 2020, Ms. Steen emailed Lincoln an attachment containing an email correspondence between Decedent and Catapult Systems, LLC from August 2019 that purports to demonstrate Decedent's intent to remove Ms. Mautino as primary beneficiary from the Lincoln Policy.  A copy of the August 2019 email correspondence from Decedent is attached as **Exhibit 7**.  Upon information and belief, Ms. Mautino was never removed as beneficiary prior to Decedent's death.

19.     In light of the adverse claims from Claimants, and the associated factual and legal issues involved, Lincoln cannot determine the proper beneficiary of the Policy Benefits without risking exposure to double liability.

20.     As a mere stakeholder, Lincoln has no interest in the Policy Benefits (except to recover attorneys' fees and costs associated with this action).  Lincoln therefore respectfully requests that this Court determine to whom the Policy Benefits should be paid.

21.     Lincoln will deposit into the registry of the Court the Policy Benefits, plus any applicable interest, upon issuance of an order authorizing such payment.

WHEREFORE, Lincoln prays for judgment as follows:

(a)     That Claimants be ordered to interplead and settle among themselves their respective claims to the Policy Benefits;

(b)     That Lincoln be permitted to pay the Policy Benefits into the registry of the Court;

(c)     That Claimants each be restrained from initiating any other action or proceeding in any state or federal court against Lincoln for recovery of the Policy Benefits or any part thereof;

(d)     That Lincoln be found to have no further liability beyond having the Policy Benefits deposited into the registry of this Court;

(e)     That Lincoln be discharged and dismissed with prejudice from this case; and

(f)      That the Court award such other and further relief, including attorneys' fees and costs, to which Lincoln is entitled in law or equity, as this Court deems just and proper.

This the 3rd day of June, 2021.

**BRADLEY ARANT BOULT CUMMINGS LLP**

/s/ G. Benjamin Milam
G. Benjamin Milam (VA bar No. 85615)
214 N. Tryon St., Suite 3700
Charlotte, NC 28205
Tel: (704) 338-6049
Fax: (704) 332-8858
bmilam@bradley.com

*Attorney for Plaintiff The Lincoln National Life Insurance Company*