IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Harrisonburg Division

THE LINCOLN NATIONAL LIFE
INSURANCE COMPANY,

    Plaintiff,

v.                                          Civil Action No. 5:21-cv-00042

FAITH M. STEEN, *et al.*,

    Defendants.

## AMENDED ANSWER & COUNTERCLAIM

Defendant Carol Mautino,[1] by counsel, for her Amended Answer and Counterclaim[2] to the Complaint filed by Plaintiff The Lincoln National Life Insurance Company ("Lincoln"), states as follows:

### PARTIES

1. Admitted upon information and belief.

2. Admitted upon information and belief.

3. Admitted upon information and belief.

4. Defendant admits that Stover was a Virginia corporation with a principal place of business in Strasburg, Virginia. Defendant notes that the SCC lists Stover's entity status as "Inactive."

5. Admitted.

---

[1] Defendant's name is now Carol Mautino-Behanna.
[2] The previously filed Answer & Counterclaim inadvertently left out "National" from Lincoln's name.

## JURISDICTION AND VENUE

6. Paragraph 6 of the Complaint states a legal conclusion to which no response is required.

7. Paragraph 7 of the Complaint states a legal conclusion to which no response is required.

8. Paragraph 8 of the Complaint states a legal conclusion to which no response is required.

9. Defendant does not challenge this Court's personal jurisdiction over her. Defendant states that any "competing claim" contradicting her right to the proceeds at issue is not and never was valid.

10. Paragraph 10 of the Complaint states a legal conclusion to which no response is required.

## CLAIM FOR INTERPLEADER

11. Defendant admits Lincoln has brought this action for interpleader. The Lincoln Policy speaks for itself.

12. Admitted.

13. Admitted.

14. Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 14 of the Complaint. Defendant denies that Steen has any right to the proceeds at issue.

15. Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 14 of the Complaint. Defendant denies that Steen has any right to the proceeds at issue or the authority to assign any portion thereof.

16. Defendant admits Steen is not the primary beneficiary. Steen's correspondence speaks for itself. Defendant denies that Steen has a valid claim or any right to the proceeds at issue.

17. Admitted. Defendant further states that Lincoln properly notified her in writing by letter dated December 27, 2019, that she had a claim for benefits.

18. Defendant denies that the Decedent intended to remove her as primary beneficiary. Defendant admits that she was never removed as beneficiary prior to his death. Defendant lacks sufficient knowledge or information to admit or deny Steen's actions with respect to the email correspondence.

19. Denied.

20. Defendant denies that Lincoln cannot determine the proper beneficiary and denies Lincoln's claim to attorney's fees and costs.

21. Defendant lacks sufficient knowledge or information to admit or deny Lincoln's intention with respect to the benefits.

22. Any allegation of fact in the Complaint not expressly admitted herein is denied.

WHEREFORE, Defendant Carol Mautino requests entry of an Order granting judgment in her favor, awarding her the policy benefits at issue and ordering their prompt payment to her, with interest, and granting her such additional relief the Court deems proper, including her attorney's fees and costs.

## COUNTERCLAIM

1. Mautino brings this Counterclaim against Lincoln to enforce her rights under the terms of the plan governing the Lincoln Policy (attached to the Complaint as Exhibit 1) and to recover benefits due to her pursuant to 29 U.S.C. § 1132(a).

2. Douglas H. Steen ("Decedent") was an "Insured Person" under the Lincoln Policy.

3. The Lincoln Policy provides that at "an Insured Person's death, the amount of his or her Personal Life Insurance will be paid to the surviving Beneficiary."

4. The Lincoln Policy provides that "Upon satisfactory proof of an Insured Person's death, the Company will pay a death benefit equal to the amount of Personal Life Insurance on the date of death."

5. The Lincoln Policy provides that an "Insured Person's beneficiary will be shown on his or her enrollment card, unless changed."

6. Decedent named Mautino the sole primary beneficiary of the Lincoln Policy's benefits. A copy of the beneficiary designation printout is attached to the Complaint as Exhibit 2.

7. Decedent died on November 25, 2019, at which time the benefits became payable.

8. By letter dated December 27, 2019, Lincoln notified Mautino that she had a claim for benefits and requested she call and provide additional information. Mautino complied with this request and has properly made a claim for benefits.

9. The Lincoln Policy provides that "Only the Insured Person, or his or her assignee, may change the Beneficiary. A new Beneficiary may be named by filing a written notice of the change with the Company at its Group Insurance Service Office."

10. Neither Decedent nor anyone else filed written notice of a change of primary beneficiary.

11. Mautino was never removed as the primary beneficiary prior to Decedent's death.

12. Mautino is the primary beneficiary and the surviving beneficiary under the Lincoln Policy.

## COUNT I

13. Mautino incorporates the above allegations.

14. Lincoln has failed to comply with the terms of the Lincoln Policy.

15. There is no reason to deny Mautino prompt payment of the benefits she is entitled to under the Lincoln Policy.

16. Lincoln has breached its duty to comply with the terms of the Lincoln Policy and to pay Mautino the benefits to which she is entitled.

17. Mautino is entitled to payment of the benefits, with interest, and reimbursement of her reasonable attorney's fees and costs under 29 U.S.C. § 1132.

WHEREFORE, Defendant Carol Mautino requests entry of an Order granting judgment in her favor, awarding her the policy benefits at issue and ordering their prompt payment to her, with interest, and granting her such additional relief the Court deems proper, including her attorney's fees and costs.

CAROL MAUTINO
By Counsel

/s/ Andrew S. Baugher
ANDREW S. BAUGHER (VSB #74663)
SHANNON A. TEMLAK (VSB #95427)
Flora Pettit PC
90 North Main Street, Suite 201
P.O. Box 1287
Harrisonburg, Virginia 22803
Tel: (540) 437-3138
Fax: (540) 437-3101
asb@fplegal.com
sat@fplegal.com
*Counsel for Defendant Carol Mautino*

## CERTIFICATE OF SERVICE

I hereby certify that on July 1, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

> G. Benjamin Milam, Esq.
> 214 N. Tryon St., Suite 3700
> Charlotte, NC 28205
> bmilam@bradley.com
> *Counsel for Plaintiff*

I further certify that on July 1, 2021, I mailed a true copy of the foregoing pleading to the following Defendants at the addresses listed on the summonses issued to them:

> Faith Steen
> 738 Spring Pkwy.
> Woodstock, VA 22664

> Stover Funeral Home & Crematory, Inc.
> c/o Stanley R. Morehead
> 177 N. Holliday St.
> Strasburg, VA 22657

/s/ Andrew S. Baugher
*Counsel for Defendant Carol Mautino*

4832-1748-4272 v.1