# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# HARRISONBURG DIVISION

| | |
|---|---|
| THE LINCOLN NATIONAL LIFE INSURANCE COMPANY, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Civil Action No. 5:21-CV-00042-TTC<br>)<br>) |
| FAITH M. STEEN, CAROL MAUTINO, and STOVER FUNERAL HOME & CREMATORY, INC., | ) **THE LINCOLN NATIONAL LIFE**<br>) **INSURANCE COMPANY'S MOTION**<br>) **FOR DEFAULT JUDGMENT AS TO**<br>) **DEFENDANT STOVER FUNERAL** |
| Defendants. | ) **HOME & CREMATORY, INC.**<br>)<br>) |

Plaintiff, The Lincoln National Life Insurance Company ("Lincoln"), pursuant to Rule 55(b) of the Federal Rules of Civil Procedure and the Court's August 10, 2021 Order, moves for Default Judgment against Defendant Stover Funeral Home & Crematory, Inc. ("Stover") for failure to file or serve any responsive pleading. By seeking Default Judgment against Stover, Lincoln is not directly or indirectly making a determination as to whether Stover is or is not entitled to any portion of the Policy Benefit. Rather, Lincoln seeks a judgment that, as to Stover, Lincoln is entitled to interplead the policy benefits.

## **DEFENDANT STOVER FAILED TO ANSWER**

Plaintiff filed this interpleader lawsuit against three claimants to the proceeds of a group life insurance policy (the "Lincoln Policy") issued by Lincoln to Catapult Systems, LLC, providing coverage to Douglas H. Steen ("Decedent"). [Doc. #1, Compl. ¶ 1]. The Lincoln Policy provides total benefits in the amount of $50,000.00 (the "Policy Benefits"). [Compl. ¶ 11, Ex. 1].

All three named Defendants have asserted claim to the Policy Benefits. Specifically with Stover, Stover seeks an assignment of a portion of the Policy Benefits to cover payment for the burial goods and services Stover provided for Decedent. [Compl. ¶ 15, Ex. 5]. Because of these competing claims, Lincoln filed this interpleader action requesting that the Court determine how the proceeds should be distributed.

On June 4, 2021, Lincoln filed the Complaint for Interpleader [Doc # 1] in the above-styled action. The Court issued a Summons to Stover [Doc # 3] on the same date. On June 14, 2021, copies of the Summons and Complaint were served on Stover, as shown by the Affidavit of Service filed with the Court on June 22, 2021 [Doc # 7]. As such, Stover's responsive pleading was due on or before July 5, 2021. To date, Stover has failed to answer or otherwise respond to the Complaint.

Pursuant to the Court's August 10, 2021 Order [Doc #17], the Court instructed Lincoln to seek the Clerk's entry of default as to Stover, which the Clerk entered on August 11, 2021. The Court should now render a default judgment against Stover because Stover was properly served and did not file an answer or any other pleading constituting an answer within the prescribed time-period.

## **JUDGMENT FOR INTERPLEADER**

With a default judgment, a plaintiff is entitled to judgment on liability and damages as to the defaulting defendant. Here, because Lincoln is a disinterested stakeholder, Lincoln takes no position as to what party may be entitled to the funds that are the subject of this action, nor does it seek any relief beyond that expressed in the Complaint for Interpleader. Thus, Lincoln seeks a judgment that declares as to Stover, Lincoln is entitled to interplead the Policy Benefits, be dismissed from this action with prejudice, and obtain an injunction against Stover against any

future actions that involve the Lincoln Policy or the Policy Benefits. Lincoln also seeks a judgment against Stover for reasonable attorneys' fees and costs that Lincoln has incurred to be paid out of the Policy Benefit, should Lincoln ultimately choose to seek fees and costs that an interpleading party is routinely afforded in interpleader actions.

## CONCLUSION

Lincoln is entitled to a default judgment as to Stover for the reasons asserted in this Motion. Thus, Lincoln respectfully asks the Court to sign a default judgment granting the relief requested.

DATED: August 24, 2021

**BRADLEY ARANT BOULT CUMMINGS LLP**

*/s/ G. Benjamin Milam*
G. Benjamin Milam (VA bar No. 85615)
214 N. Tryon St., Suite 3700
Charlotte, NC 28205
Tel: (704) 338-6049
Fax: (704) 332-8858
bmilam@bradley.com

*Attorney for Plaintiff The Lincoln National Life Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing **MOTION FOR DEFAULT JUDGMENT** was served upon the following parties via the Court's CM/ECF notification system and via U.S. Mail:

Andrew S. Baugher
Shannon A. Temlak
Flora Pettit PC
90 North Main Street, Suite 201
P.O. Box 1287
Harrisonburg, VA 22803
*Counsel for Defendant Carol Mautino*

Faith M. Steen
738 Spring Parkway
Woodstock, VA 22664
*Pro Se Defendant*

Stover Funeral Home & Crematory, Inc.
c/o Marty White
177 North Holliday Street
Strasburg, VA 22657
*Defendant*

This the 24th day of August, 2021.

                                                          */s/ G. Benjamin Milam*
                                                          G. Benjamin Milam