IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| THE LINCOLN NATIONAL LIFE INSURANCE COMPANY, ) ) ) | |
| Plaintiff, ) | Civil Action No. 5:21-cv-00042 |
| v. ) | **MEMORANDUM OPINION** |
| FAITH M. STEEN, *et al.*, ) | By:  Hon. Thomas T. Cullen |
|   ) |      United States District Judge |
| Defendants. ) | |

On November 25, 2019, Douglas H. Steen ("Douglas") passed away. At the time of his death, Douglas held a life insurance policy through Plaintiff The Lincoln National Life Insurance Company ("Lincoln"). Lincoln has interplead the policy funds into the court's registry and asks the court to determine which of the two persons claiming the funds—Defendant Faith M. Steen ("Steen") or Defendant Carol Mautino—ought to receive them. Mautino, Douglas's partner, is claiming the funds as the policy's primary beneficiary. But Steen, Douglas's daughter and the policy's contingent beneficiary, has also claimed the funds, arguing that Douglas intended to remove Mautino as the policy's primary beneficiary before he died.

This matter is before the court on Mautino's motion for judgment on the pleadings. (ECF No. 15.) For the reasons below, the court will grant Mautino's motion.

I. **BACKGROUND**

Douglas passed away on November 25, 2019. (*See* ECF No. 1-4, at 2.) He had a life insurance policy, issued by Lincoln, through his employer that became payable at his death.

(*See* ECF No. 1-2, at 7, 14.) The Employee Retirement Income Security Act of 1974 ("ERISA") governs the policy's terms. (*See id.* at 23 (incorporating ERISA's exhaustion requirement); *see also* ECF No. 1-7.) Mautino is the policy's primary beneficiary.[1] (ECF No. 1-3.) Steen is the policy's contingent beneficiary. (*Id.*) Both Mautino and Steen informed Lincoln that they intended to claim the policy benefits. (ECF No. 1, at 3–4.)

Accordingly, Lincoln filed a complaint in this court seeking statutory interpleader. (ECF No. 1.) Both Mautino and Steen answered Lincoln's complaint. (ECF Nos. 9, 12.) On August 3, 2021, Mautino moved the court for judgment on the pleadings. (ECF No. 15.) The court granted interpleader to Lincoln on November 1, 2021. (ECF No. 31.) In that same Order, the court directed Steen to file any opposition on or before November 15, 2021. (*Id.*) To date, Steen has not filed an opposition to Mautino's motion.

## II. STANDARD OF REVIEW

"Rule 12(c) motions are governed by the same standard as motions brought under Rule 12(b)(6)." *Massey v. Ojaniit*, 759 F.3d 343, 347 (4th Cir. 2014). To survive a Rule 12(b)(6) or Rule 12(c) motion, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). A claim is facially plausible when the plaintiff's allegations "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* While a complaint does not need "detailed factual

---

[1] Although the beneficiary designations state that Mautino is Steen's "spouse," the record clarifies that the two were never legally married. (*See* ECF No. 1-8, at 4–5 ("My wife and I were never legally married. . . . We never signed any documents or filed any papers with any city, county, state, or federal entities. We never filed taxes together and had no common property . . . .").) In any event, whether Mautino was Douglas's spouse is beside the point. Regardless of their relationship's legal status, Douglas listed her on his life-insurance policy as his primary beneficiary, and that fact is determinative.

allegations," complaints merely offering "labels and conclusions," "naked assertion[s] devoid of 'further factual enhancement,'" or "a formulaic recitation of the elements of a cause of action will not do." *Id.* (alteration in original) (internal quotation marks omitted) (quoting *Twombly*, 550 U.S. at 555, 557). A court must enter judgement on the pleadings "when all material allegations of fact are admitted in the pleadings and only questions of law remain." *Wells Fargo Equip. Fin., Inc. v. State Farm Fire & Cas. Co.*, 805 F. Supp. 2d 213, 216 (E.D. Va. 2011).

### III. ANALYSIS

Mautino's argument is straightforward. Douglas's policy lists her as its primary beneficiary. (ECF No. 1-3, at 2.) The same policy requires that the insurance funds be paid to the primary beneficiary. (*See* ECF No. 1-2, at 14.) So, Mautino argues, she is entitled to the insurance funds.

Steen's answer to Lincoln's complaint admitted that Mautino was the policy's primary beneficiary. (*See* ECF No. 12, at 2.) The court finds that admission dispositive. The only remaining issue for the court to resolve, then, is whether the primary or contingent beneficiary receives the life insurance under the policy terms. Federal courts interpret ERISA insurance plans according to their plain terms. *Johnson v. Am. United Life Ins. Co.*, 716 F.3d 813, 819–20 (4th Cir. 2013). And the policy here provides that "[a]t an Insured Person's death, the amount of his or her Personal Life Insurance will be paid to the surviving Beneficiary." (ECF No. 1-2, at 14.) The policy lists Mautino as its primary beneficiary, and the policy explains that its named beneficiary receives the life-insurance benefit. Mautino is therefore entitled to Douglas's life-insurance benefit, and her motion for judgment on the pleadings will be granted.

## IV. CONCLUSION

Mautino's motion for judgment on the pleadings (ECF No. 15) will be granted.

The clerk is directed to forward a copy of this Memorandum Opinion and the accompanying Order to the parties and all counsel of record.

**ENTERED** this 17th day of December, 2021.

*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE